```
RECEIPT # 66443
AMOUNT $ 250
SUMMONS ISSUED Mp
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M
DATE   8-22-05
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------
ANN MARIE ARBOUR,                        x
                                         x
        Plaintiff,                       x
                                         x
v.                                       x   Civil Action No.
                                         x
THE MICROOPTICAL CORPORATION,            x   05-11730 JLA
                                         x
        Defendant.                       x
---------------------------------------------------------

MAGISTRATE JUDGE Alexander

**NOTICE OF REMOVAL**

Defendant THE MICROOPTICAL CORPORATION ("MicroOptical") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the Superior Court of the Trial Court of the Commonwealth of Massachusetts, Bristol County (the "Superior Court") to the United States District Court for the District of Massachusetts. As its reasons for removal, MicroOptical states:

1. Plaintiff Ann Marie Arbour commenced an action in the Superior Court against MicroOptical titled *Ann Marie Arbour v. Micro Optical*, Docket No. BRCV 2005-00783 (the "Pending Action"). MicroOptical is the sole defendant in the Pending Action. A true and correct copy of the Summons and Complaint in the Pending Action is attached hereto as Exhibit A.

2. Plaintiff's Summons and Complaint were delivered to MicroOptical on August 2, 2005. Therefore, this Notice of Removal is timely.

3. In paragraphs 21-26 of her Complaint, Plaintiff seeks relief for an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended ("Title VII"), and the American with Disabilities Act, 42 U.S.C. §12101 *et seq.* (the "ADA").

4.  Based on those allegations, this action is a civil action over which this Court has jurisdiction. The Court's jurisdiction over Title VII claims arises under 42 U.S.C. §2000e-5(f)(3), which, in material part, provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.

The Court's jurisdiction over ADA claims arises under 42 U.S.C. § 12117(a), which states, in relevant part, that "[t]he powers, remedies, and procedures set forth in sections…2000e-5….of this title shall be the powers, remedies, and procedures this subchapter provides…to any person alleging discrimination on the basis of disability in violation of any provision of this chapter…."

5.  Therefore, this Court has jurisdiction over all claims and all parties. The Court has jurisdiction over the Complaint pursuant to 28 U.S.C. §1331, 42 U.S.C. 2000e-5(f)(3), and 42 U.S.C. §12117(a). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

6.  The pending action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Bristol County, Massachusetts, which lies within this District.

Respectfully submitted,

THE MICROOPTICAL CORPORATION

By its attorneys,

_____
Robert M. Hale (BBO #217170)
Erin S. Martino (BBO #658100)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: August __, 2005

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by mail)(by hand) on 8/22/05.

_____

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION
No. BRCV2005-00783-A

_Ann Marie Arbour_, Plaintiff (s)

v.

_Micro Optical_, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon _David R. Ardito_

plaintiff's attorney, whose address is _7 N. Main St., #215A, Attleboro MA 02703_

an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at .................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the _27th_ day of _July_, in the year of our Lord two thousand and _five_.

A TRUE COPY, ATTEST:

DEPUTY SHERIFF
DATE 8/2/05

_Magistrate_

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

BRISTOL, ss.                                                    TAUNTON DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANN MARIE ARBOUR,              *       Bristol County Superior Court
    Plaintiff,                 *
                               *       Civil Docket No: BRCV2005-00783
V                              *
                               *
MICRO OPTICAL,                 *
    Defendant.                 *       **COMPLAINT**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. The Plaintiff, Ann Marie Arbour, is an individual residing at 254 Pearl Street Extension in Attleboro, Bristol County, Massachusetts.

2. The Defendant, Micro Optical, is upon information and belief, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, and maintains an office and a place of business at 33 Southwest Park, Westwood, Massachusetts.

### FACTS

3. The Plaintiff began her employment with the Defendant on or about June 25, 2001 earning $17.00 per hour.

4. During her employment with the Respondent, the Plaintiff had a brief dating relationship with a co-worker.

5. After the relationship with her co-worker ended, the co-worker continued to make unwelcome advances towards the Defendant, causing the Plaintiff emotional distress and anxiety. In October of 2001, the Plaintiff's illness worsened and she was ultimately hospitalized.

6. At the conclusion of her hospitalization and upon return to work for the Defendant, the co-worker began a series of cruel emotional harassment, creating a hostile environment.

7. After making complaints to the Defendant about the co-worker's harassment, the Plaintiff was told that she must tolerate the behavior because the co-worker was an intricate part of the company.

8. The Plaintiff took a short leave of absence in November of 2002 to have surgery. She returned to her employ on or about November 18, 2002 and the hostile environment and harassment continued.

9. After numerous complaints to the Defendant, the Plaintiff was told to take a leave of absence to 'pull herself together', which she did, returning to work on or about January 6, 2003; however, the harassment continued.

10. After several more complaints to the Defendant nothing was done to cease the co-worker's behavior.

11. The harassment continued throughout the remainder of the Plaintiff's employ with the Defendant, causing her to seek treatment with John P. Rafterty, who ordered her not to return to work until the negative working environment was omitted from her place of employment. The Plaintiff requested a leave of absence and was granted same. The Plaintiff went out on long-term disability.

12. While out on long-term disability, the Plaintiff received notice from the Defendant stating that it did not feel that a hostile working environment existed and that they would do nothing to change the conditions. She was further notified that prior to her return to work, she would have to meet certain conditions, including: (1) submit a letter from the Plaintiff's doctor releasing her to return to work; and (2) she would have to disclose information pertaining to her religious beliefs.

13. The Plaintiff's long-term disability ended; however, the 'negative working environment' was not corrected; therefore the Plaintiff's doctor refused to release her back to work. Because her doctor refused to release her back to work, the Defendant would not allow her to return to work.

14. The Plaintiff's doctor would not release her back to work because the Defendant engaged in a series of attacks on the Plaintiff's religious beliefs.

15. The Plaintiff is a member of a religion that believes in witchcraft.

16. The Defendant would attack the Plaintiff's religious beliefs by having his employees sing or hum tunes from the *Wizard of Oz*.

17. The Defendant admitted under oath at an unemployment hearing that his employees did such but only because it was a product line that the company had been working on.

18. The Plaintiff repeatedly told the Defendant's supervisor that she found these comments and songs offensive and against her religious belief.

19. The Defendant did nothing to stop his employees from these attacks on the Plaintiff's religious beliefs.

20. The Plaintiff was terminated by the Defendant on October 23, 2003.

## COUNT I
### Discrimination Against a Disabled Person

21. The Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 20 of this Complaint as it sets out in full herein.

22. The Plaintiff was a disabled person under the law.

23. The Plaintiff remained ready, willing and able to perform her duties under employment with the Defendant with reasonable accommodations.

24. The Defendant failed to provide the Plaintiff with reasonable accommodations.

25. The Defendant discharged the Plaintiff because her treating doctor would not release her to return to work without the necessary reasonable accommodations made and the Defendant would not allow the Plaintiff to return to work without being released by her doctor to do so.

26. By the above conduct, the Defendant is in direct violation of the Americans with Disabilities Act and Title VII.

## COUNT II
### Intentional Infliction of Emotional Distress

27. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 26 of this Complaint as it sets out in full herein.

28. The Defendant has intentionally inflicted emotional distress upon the Plaintiff.

29. The Plaintiff has suffered emotional distress, mental anxiety, loss of reputation and humiliation.

## COUNT III
### Negligent Infliction of Emotional Distress

30. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29 of this Complaint as it sets out in full herein.

31. The Defendant has negligently inflicted emotional distress upon the Plaintiff.

32. As a result, the Plaintiff has suffered emotional distress, mental anxiety, los of reputation and humiliation.

## COUNT IV
### Discrimination Based on Religion

33. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 32 of this Complaint as it sets out in full herein.

34. The Defendant requested that the Plaintiff disclose her Religious Beliefs prior to returning to her position, which is a violation of the Plaintiff's rights.

35. The Defendant has an obligation to prohibit against disparate treatment based upon creed or religion ; and a duty to make reasonable accommodations.

**WHEREFORE,** the Plaintiff respectfully prays this Honorable Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

1) Issue a declaratory judgment that the Defendant's acts, policies, practices and procedures complained of herein violated the Plaintiff's rights;

2) Order the Defendant to make the Plaintiff whole by ordering damages for damages for loss of income and lost fringe benefits;

3) Award damages for discrimination in accordance with the Americans with Disabilities Act;

4) Award damages for emotional distress and loss of reputation damages; and

5) Order such other and further relief as this Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

Respectfully submitted,
**ANN MARIE ARBOUR,**
By and through her attorney,

David R. Ardito, Esquire
Bates Building, Suite #215A
7 North Main Street
Attleboro, MA 02703
1-508-431-2222
BBO# 630025

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judical Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ann Marie Arbour

**DEFENDANTS**
The MicroOptical Corporation

(b) County of Residence of First Listed Plaintiff **Bristol County (MA)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASEES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

David R. Ardito
7 North Main Street, Attleboro, MA 02703    508-431-2222

Attorneys (If Known)
Robert M. ___
Erin S. Martino
Goodwin Procter LLP, Exchange Place, Boston, MA    617-570-1000

05 11730 PBS

## II. BASIS OF JURISDICTION (Place and "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place and "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Inury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (13 95 ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/M gmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAXSUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentences | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities – Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Aer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 535 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441 and 1446; 42 U.S.C. 3000e et seq., 42 U.S.C. § 12010 et seq.
Brief description of cause:
Alleged violations of Title VII of Civil Rights Act and Americans with Disabilities Act relating to employment

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMANDS
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE August 22, 2005
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

LIBB/1364694.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Ann Marie Arbour v. The MicroOptical Corporation

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(2)).

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,           Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

   05 - 11730 PRS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court
       None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                          YES ☐     NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC § 2403)
                                                                          YES ☐     NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                          YES ☐     NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                          YES ☐     NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? – (See Local Rule 40.1(d)).
                                                                          YES ☒     NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division  ☒        Central Division  ☐        Western Division  ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division  ☐        Central Division  ☐        Western Division  ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
              See attachment.                                             YES ☐     NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME      Erin S. Martino
ADDRESS              Goodwin Procter LLP, Exchange Place, Boston, MA 02109
TELEPHONE NO.        (617) 570-1000

(Cover sheet local.wpd - 10/17/02)
LIBB/1364655.1