UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANN MARIE ARBOUR,<br><br>Plaintiff,<br><br>v.<br><br>THE MICROOPTICAL CORPORATION,<br><br>Defendant. | Civil Action No. 05-11730-PBS |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant The MicroOptical Corporation ("MicroOptical") submits this memorandum in support of its Motion to Dismiss Count IV of Plaintiff Ann Marie Arbour's Complaint (the "Complaint.")

### PROCEDURAL BACKGROUND

1.  Plaintiff Ann Marie Arbour was a Research Technician for MicroOptical. Her employment was terminated on October 23, 2003. Complaint ("Compl.") ¶20.

2.  On or about February 24, 2003, Ms. Arbour filed a complaint with the Massachusetts Commission Against Discrimination (the "MCAD") alleging sex discrimination by MicroOptical. (Attached as Exhibit C to the Affidavit of Erin S. Martino in Support of Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint ("Martino Aff."), filed herewith.) The February 24, 2003 complaint is referred to below as the "2003 Complaint."

3.      On or about February 2, 2004, Ms. Arbour filed an additional complaint with the MCAD alleging disability discrimination by MicroOptical. (Martino Aff. Ex. C.) The February 2, 2004 complaint is referred to below as the "2004 Complaint."

4.      Ms. Arbour's two complaints alleging sex discrimination and disability discrimination by MicroOptical were automatically cross-filed with the Equal Employment Opportunity Commission (the "EEOC"), pursuant to the work sharing agreement between the MCAD and the EEOC. 29 C.F.R. §§ 1601.13, 1601.74. (Martino Aff. Ex. D.)[1]

5.      On or about July 18, 2005, Ms. Arbour filed the Complaint in this action in Massachusetts Superior Court. The Complaint alleges Discrimination Against a Disabled Person (Count I), Intentional Infliction of Emotional Distress (Count II), Negligent Infliction of Emotional Distress (Count III), and Discrimination Based on Religion (Count IV). The Complaint was served on MicroOptical on August 2, 2005. On August 22, 2005, MicroOptical removed the case to this Court based on federal question jurisdiction.

6.      On August 25, 2005, pursuant to Local Rule 7.1(A)(2), counsel for MicroOptical conferred with counsel for Ms. Arbour regarding MicroOptical's intention to move to dismiss Counts II, III and IV of Ms. Arbour's Complaint. Based on that discussion, the understanding of counsel for MicroOptical is that Ms. Arbour will consent to dismissal of Count II (Intentional

---

[1] Defendant MicroOptical served subpoenas on both the MCAD and the EEOC requesting any and all complaints and charges filed by Ms. Arbour against MicroOptical. (Martino Aff. Exs. A and B.) Both the MCAD and the EEOC responded to the subpoenas by providing copies of the previously mentioned complaints filed by Ms. Arbour; one alleging sex discrimination and the other alleging disability discrimination. Since no other complaints or charges were produced in response to the subpoenas, it is apparent that no other complaints or charges were filed with either administrative agency by Ms. Arbour against MicroOptical. It is appropriate for this court to consider the exhibits attached to MicroOptical's Memorandum in Support of Its Motion to Dismiss Count IV of Plaintiff's Complaint because the complaints and charges filed with the MCAD and the EEOC are matters of public record, and Ms. Arbour cannot deny their authenticity. *See, e.g., Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (determining that court may look to matters of public record in deciding motion to dismiss without converting motion into one of summary judgment); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (noting that "courts have made narrow exceptions [to rule of conversion to summary judgment from motion to dismiss] for documents the authenticity of which are not disputed by the parties; for official public records....").

Infliction of Emotional Distress) and Count III (Negligent Infliction of Emotional Distress). Counsel for MicroOptical anticipates addressing such dismissals in a separate stipulation. No agreement was reached regarding Count IV (Discrimination Based on Religion).

## ARGUMENT

Count IV should be dismissed because Ms. Arbour did not satisfy the administrative prerequisites necessary to pursue it.

Count IV alleges that MicroOptical discriminated against Ms. Arbour by allegedly "request[ing] that the Plaintiff disclose her Religious Beliefs prior to returning to her position." Compl. ¶34. Although far from clear, Plaintiff appears to allege that she was somehow discriminated against in other ways as well on the basis of her religious beliefs, which involve "believ[ing] in witchcraft." Compl. ¶¶14-16. In any event, it is plain that Ms. Arbour alleges religious discrimination in her employment.

Ms. Arbour does not identify under which statutory authority she brings her claim of religious discrimination. The actions alleged by Ms. Arbour in her Complaint would fall under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.* ("Title VII") and its Massachusetts counterpart, M.G.L. ch. 151B, §4. Notwithstanding Ms. Arbour's failure to allege the statutory basis for her claim, Ms. Arbour's claim of religious discrimination should be dismissed because she failed to pursue the proper administrative remedies under either statute prior to bringing this lawsuit. In the event that Ms. Arbour attempts to rely on her previous administrative complaints of sex and disability discrimination on which to piggyback her religious discrimination claim, her efforts should be rejected because the religious discrimination claim extends beyond the scope of her sex and disability discrimination claims. Ms. Arbour's allegation of religious discrimination is not sufficiently related to either the sex or disability discrimination claim to excuse her failure to follow the administrative filing requirements.

### 1. Ms. Arbour's Claim of Religious Discrimination is Foreclosed Because She Failed to Exhaust Her Administrative Remedies Prior to Filing This Action

Ms. Arbour's religious discrimination claim should be dismissed because she failed to file the claim with the MCAD and/or the EEOC prior to commencing this lawsuit. Under Title VII, an individual alleging employment discrimination must file an administrative charge with the EEOC prior to commencing any civil action against the employer. 42 U.S.C. §2000e-5(f). Similarly, Massachusetts law requires that a plaintiff alleging discrimination must pursue his or her claim initially with the MCAD. M.G.L. ch. 151B, §§5, 9; 804 C.M.R. §1.15(2)(a).

Where a plaintiff fails to comply with statutorily created prerequisites, a court lacks jurisdiction to hear the case. *See, e.g., Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005) (noting that "[i]n light of the statutory scheme, it is unsurprising that, in a Title VII case, a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door"); *Tunnicliff v. Motel 6, OLP*, 178 F.R.D. 8, 9 (D. Mass. 1998) (dismissing claim of religious discrimination because of failure to exhaust administrative remedy of filing with MCAD and EEOC – "Prior to commencing a civil action for employment discrimination under Chapter 151B...and Title VII, an employee must file a timely administrative charge."); *Butner v. Dept. of State Police*, 60 Mass. App. Ct. 461, 467 (2004) (finding that gender discrimination claim would give rise to claim under G.L. ch. 151B and that "a complainant may not bring a civil action against defendants...without first complaining to the MCAD").

Ms. Arbour failed to file an administrative charge or complaint with the EEOC or the MCAD alleging religious discrimination. Although she filed two charges and corresponding complaints with the EEOC and the MCAD alleging separate claims of sex discrimination and disability discrimination against MicroOptical, neither asserted a claim of religious discrimination. (Martino Aff. Ex. C.) These are the only administrative charges and complaints

filed against MicroOptical by Ms. Arbour. Accordingly, Ms. Arbour's claim of religious discrimination should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### 2. Any Argument that Count IV Is Within the Scope of the Previously Filed Charges Would Be Unavailing

If Ms. Arbour were to argue that her claim of religious discrimination falls within the scope of her previously filed charges, that argument should be rejected. Generally, a plaintiff may not bring a civil action on a different basis from that specified in his or her administrative complaint. *See, e.g., Jorge*, 404 F.3d at 565 (determining that failure to file Title VII claim with EEOC prior to bringing civil action could not be revived by relying on prior administrative charge alleging ADEA violation). The purpose behind the administrative filing prerequisite is to provide the relevant agency an opportunity to investigate and conciliate the claim, and to give a defendant fair notice of a potential lawsuit. Thus, the parameters of a discrimination suit cannot extend beyond the underlying administrative charge. *Jorge*, 404 F.3d at 565; *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1999). An employee may not circumvent the filing prerequisite by "alleg[ing] one thing in the administrative charge and later alleg[ing] something entirely different in a subsequent civil action." *Powers v. Grinnell Corp.*, 915 F.2d 34, 38 (1st Cir. 1990).

The only exception to the general rule is that a new claim which "grows out of" or is "like and reasonably related to" the claim in the prior administrative charge may be, under some circumstances, considered within the parameters of that administrative charge. *See Luciano v. Coca-Cola*, 307 F. Supp.2d 308, 323 (D. Mass 2004). While a plaintiff need not set forth "with literary exactitude" all of the facts and theories upon which his or her new claim is based, *Lattimore*, 99 F.3d at 464, the scope of the lawsuit is nonetheless constrained by the allegations

made in the prior administrative complaint in the sense that it must "bear some close relation to the allegations" previously presented to the administrative agency. *Jorge*, 404 F.3d at 565. *See also Joseph v. Wentworth Inst. of Tech.*, 120 F. Supp.2d 134, 140 (D. Mass. 2000) (barring African American university employee's disparate impact claim under Title VII for failure to include in administrative charge; disparate impact claim "not reasonably expected to grow out of administrative charge" alleging constructive discharge); *Tunnicliff*, 178 F.R.D. at 9 (dismissing newly-alleged religious and disability discrimination claims because facts alleged did not support underlying administrative charge of age discrimination).

Ms. Arbour's claim of religious discrimination does not come within this narrow exception. There is no "close relation" between her allegations of sex discrimination and disability discrimination, on the one hand, and her new religious discrimination allegations on the other. In the 2003 Complaint, the identified "Cause of discrimination" is "Sex, Female". The 2003 Complaint concerned alleged sexually harassing behavior by a male employee, referred to as "Tupper," with whom she had once had a "brief dating relationship." 2003 Compl. ¶2. She alleged that after their relationship ended, Tupper "made advances" toward her, *id.* at ¶3, threatened male employees who spoke with her, *id.* at ¶9, "continuously scream[ed] at [Ms. Arbour] and spoke to [her] in a hostile manner," *id.* at ¶9, and made "sexual comments." *Id.* at ¶12. She claimed that despite making complaints to senior personnel at MicroOptical, "nothing has been done to cease the harassing behavior." *Id.* at ¶19. There is no mention of religion in the 2003 Complaint.

In the 2004 Complaint, the identified "Cause of discrimination" is "Disability, other mental, nervous or emotional problem." The "Cause of discrimination" does not include any reference to religion. The 2004 Complaint is titled "Companion Complaint." In the text of the

-7-

2004 Complaint, Ms. Arbour asserted that she needed to take a leave of absence for medical reasons due to her "negative working environment." 2004 Complaint ¶2. Since the 2004 Complaint is identified as a "companion complaint" to the 2003 Complaint, it is apparent that the negative working environment concerned the behavior of Tupper, which had been characterized in the 2003 Complaint as sexually harassing. Ms. Arbour alleged that she was never released by her doctor to return to work because "the 'negative work conditions' were not omitted." *Id.* at ¶15. Unlike the 2003 Complaint, the 2004 Complaint includes a reference to religion, as it states that she was "informed that I would have to disclose information pertaining to my religious beliefs" before returning to work. *Id.* at ¶14. However, Ms. Arbour does not claim that this purported requirement rendered her unable to return to work – instead, she claimed that she could not return to work because of the continuation of the alleged "negative working conditions." *Id.* at ¶¶5-7. Thus, while the 2004 Complaint refers to religion, it does not identify any alleged discriminatory act or any adverse consequences flowing from Ms. Arbour's religion. It is apparent that Ms. Arbour did not consider her 2004 Complaint to include a claim of religious discrimination, as she did not include any such reference in the "Cause of discrimination" section.

Thus, neither of Ms. Arbour's previous charges "bears some close relation" to her new claim of religious discrimination. Accordingly, Ms. Arbour failed to exhaust her administrative remedies. Therefore, her claim of religious discrimination should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant MicroOptical respectfully requests that this Court dismiss Count IV of Plaintiff's Complaint with prejudice.

Respectfully submitted,

**THE MICROOPTICAL CORPORATION**

By its attorney,

_/s/ Robert M. Hale_
Robert M. Hale (BBO# 217170)
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: August 29, 2005
LIBB/1364293.5