UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANN MARIE ARBOUR,

      Plaintiff,

    *v.*                            Civil Action No. 05-11730-PBS

THE MICROOPTICAL CORPORATION,

      Defendant.

## AFFIDAVIT OF ERIN S. MARTINO IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT

I, Erin S. Martino, being duly sworn, depose and state the following:

I am an attorney at the law firm of Goodwin Procter LLP, Exchange Place, Boston, Massachusetts, 02109, and this firm represents The MicroOptical Corporation ("MicroOptical") in the above-captioned proceeding. I submit this affidavit in support of Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint.

1.      On August 12, 2005, I served a subpoena on the Massachusetts Commission Against Discrimination (the "MCAD") requesting copies of any and all complaints filed with the MCAD by the Plaintiff, Ann Marie Arbour, against MicroOptical. Attached hereto at Tab A is a true and accurate copy of the subpoena.

2.      On August 12, 2005, I served a subpoena on the Equal Employment Opportunity Commission (the "EEOC") requesting copies of any and all charges filed with the EEOC by the

Plaintiff, Ann Marie Arbour, against MicroOptical. Attached hereto at Tab B is a true and accurate copy of the subpoena.

3.     In response to my August 12, 2005 subpoena, I received copies of two complaints filed with the MCAD by Ms. Arbour against MicroOptical. Attached hereto at Tab C is a true and accurate copy of the complete response I received from the MCAD.

4.     In response to my August 12, 2005 subpoena, I received copies of two charges filed with the EEOC by Ms. Arbour against MicroOptical. Attached hereto at Tab D is a true and accurate copy of the complete response I received from the EEOC.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 29th DAY OF AUGUST, 2005.

_____
Erin S. Martino

# Exhibit A

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
TAUNTON DIVISION

|  |  |  |
|---|---|---|
| | x | |
| ANN MARIE ARBOUR, | x | |
| Plaintiff, | x | |
| | x | Civil Action No. BRCV2005-00783 |
| v. | x | |
| | x | Mass. R. Civ. P. 45 |
| THE MICROOPTICAL CORPORATION, | x | SUBPOENA DUCES TECUM |
| Defendant. | x | |

TO:   Keeper of Records
       The Massachusetts Commission Against Discrimination
       One Ashburton Place, 6th Floor
       Boston, MA  02108
       **ATTN: Jeff Turner**

       YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Massachusetts Rules of Civil
Procedure to produce the following documents at the offices of Goodwin Procter LLP, Exchange
Place, Boston, MA 02109 on the **16th day of August, 2005**:

       Any and all complaints filed with the Massachusetts Commission Against Discrimination
by Ann Marie Arbour against The MicroOptical Corporation, including without limitation,
MCAD Complaint No. 03BEM00527 and MCAD Complaint No. 041300313.

       If you fail to answer this subpoena, you will answer your default under the penalties in
the law as provided.

THE MICROOPTICAL CORPORATION
By its attorneys,


_____
Robert M. Hale (BBO #217170)
Erin S. Martino (BBO #658100)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

_____
Notary Public
My Commission expires: 9/24/18

Dated:  August 11, 2005

## THE COMMONWEALTH OF MASSACHUSETTS

**NO SERVICE was made because when process server arrived on**

**FEE**
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_
$ \_\_\_\_\_

**PLEASE NOTE:** that it was necessary to make _____ attempts before making proper service.  $ \_\_\_\_\_

**OFFICER'S RETURN:**   Suffolk ss.   **BOSTON**   AUGUST   12 , 2005

By virtue of this subpoena, I this day summoned, the within named witness _____

\_\_\_\_\_ **MS. CAROL MOSCA, RECEPTIONIST AND AGENT** \_\_\_\_\_ to appear and answer

as within directed,   ☒   by leaving,
by giving in hand to,
by leaving at the last and usual place of abode of,

the said witness a true and attested copy of this subpoena together with \_\_\_\_ 7.00 \_\_\_\_ dollars

for attendance and travel. _____ Said service was made at

No. \_\_\_\_\_ **ONE ASHBURTON PLACE, 6TH FLOOR, BOSTON** \_\_\_\_\_ , Massachusetts.

Said service was given to his / her Agent, _____

**FEES:**

Witness fee Paid \_\_\_\_ 7.00

24.00  Service fee \_\_\_\_ 24.00

Fee (other) \_\_\_\_\_

**Trips** were necessary
\_\_\_\_\_ to make service.

Total...................... \_\_\_\_ 31.00

PROCESS SERVER AND A DISINTERESTED PERSON

**Suvalle, Jodrey & Associates**         **One Devonshire Place**         Telephone # (617) 720-5733
**Massachusetts Constables since 1925**   **Boston, MA 02109**            Fax #        (617) 720-5737

# Exhibit B

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
TAUNTON DIVISION

|  |  |
|---|---|
| ANN MARIE ARBOUR,<br>Plaintiff,<br><br>v.<br><br>THE MICROOPTICAL CORPORATION,<br>Defendant. | x<br>x<br>x<br>x  Civil Action No. BRCV2005-00783<br>x<br>x  Mass. R. Civ. P. 45<br>x  SUBPOENA DUCES TECUM<br>x |

TO:    Keeper of Records
       The Equal Employment Opportunity Commission
       John F. Kennedy Federal Building
       475 Government Center
       Boston, MA  02203
       **ATTN: Marc Hawley**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Massachusetts Rules of Civil
Procedure to produce the following documents at the offices of Goodwin Procter LLP, Exchange
Place, Boston, MA 02109 on the **17th day of August, 2005:**

Any and all charges filed with the Equal Employment Opportunity Commission by Ann
Marie Arbour against The MicroOptical Corporation, including without limitation, EEOC
Charge No. 16CA301105 and EEOC Charge No. 16CA400887.

If you fail to answer this subpoena, you will answer your default under the penalties in
the law as provided.

THE MICROOPTICAL CORPORATION
By its attorneys,

Robert M. Hale (BBO #217170)
Erin S. Martino (BBO #658100)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Notary Public
My Commission expires: 1/24/08

Dated:  August 12, 2005

LIBB/1364943.1

## THE COMMONWEALTH OF MASSACHUSETTS

**NO SERVICE** was made because when process server arrived on

|  | FEE |
|---|---|
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |
|  | $ _____ |

**PLEASE NOTE:** that it was necessary to make _____ attempts before making proper service.    $ _____

**OFFICER'S RETURN:**      Suffolk ss.    **BOSTON**    __AUGUST__    __12__  , 2005

By virtue of this subpoena, I this day summoned, the within named witness _____

____**MS. PATRICIA LAYNE, RECEPTIONIST AND AGENT**____ to appear and answer

as within directed,    ☐ by leaving,
☒ by giving in hand to,
by leaving at the last and usual place of abode of,

the said witness a true and attested copy of this subpoena together with ___**7.00**___ dollars

for attendance and travel. _____ Said service was made at

No. ___**JOHN F. KENNEDY FEDERAL BUILDING, 475 GOVERNMENT CENTER, BOSTON**___ , Massachusetts.

Said service was given to his / her Agent, _____

**FEES:**

Witness fee Paid _____**7.00**

__**40.00**__ Service fee _____**40.00**

Fee (other) _____

Trips were necessary
_____ to make service.

Total....................... _____**47.00**

_____
PROCESS SERVER AND A DISINTERESTED PERSON

| | | |
|---|---|---|
| **Suvalle, Jodrey & Associates** | **One Devonshire Place** | Telephone # (617) 720-5733 |
| **Massachusetts Constables since 1925** | **Boston, MA 02109** | Fax #        (617) 720-5737 |

# Exhibit C

## THE COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
TAUNTON DIVISION
CIVIL ACTION No. BRCV20005-00783

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ANN MARIE ARBOR,
    Plaintiff

    v.

THE MICROOPTICAL CORPORATION,
    Defendant
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBPOENA DUCES TECUM

Any and all complaints filed with the Massachusetts Commission Against Discrimination by Ann Marie Arbour against The MicroOptical Corporation, including without limitation, MCAD Complaint No. 03BEM00527 and MCAD Complaint No. 041300313.

### AFFIDAVIT

    I, Myrna Solod, hereby depose and say:

    1. I am the Clerk of the Massachusetts Commission Against Discrimination (hereafter "the Commission"), and as such am familiar with the record-keeping procedures of the Commission.

    2. I have reviewed the copies attached hereto (12 pages).

    3. After a review of these copies and a comparison of those copies with records kept in the files of the Commission, I hereby certify that the copies are true and accurate copies of the documents actually in the records of the Commission and that no records have been withheld.

    4. Such records and documents are kept in the regular and usual course of business by the Commission.

    5. The above statements are made and signed under pains and penalties of perjury this __15th__ day of __August, 2005__ .

Myrna Solod
Clerk of the Commission

### The Commonwealth of Massachusetts
### Commission Against Discrimination
### One Ashburton Place , Boston, MA 02108
### Phone: (617) 994-6000 Fax: (617) 994-6024

| | |
|---|---|
| MCAD DOCKET NUMBER: 03BEM00527 | EEOC/HUD CHARGE NUMBER: 16CA301105 |
| FILING DATE: 02/24/03 | VIOLATION DATE: 02/24/03 |

Name of Aggrieved Person or Organization:
Ann Marie Arbour
254 Pearl Street Extension
Attleboro, MA 02703
Primary Phone: (508)496-0095 ext. _____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
MicroOptical
Human Resources
33 Southwest Park
Westwood, MA 02090
Primary Phone: (781)326-8111 ext. _____

No. of Employees:        25+

Work Location: Westwood, MA

Cause of Discrimination based on:
Sex, Female.

**The particulars are:**
I, Ann Marie Arbour, the Complainant believe that I was discriminated against by MicroOptical, on the basis of Sex. This is in violation of M.G.L. 151B Section 4 Paragraph 1 and Title VII.

See Attached

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

_____
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 2/28/2003.

NOTARY PUBLIC: _____

SIGNATURE NOTARY PUBLIC:_____
MY COMMISSION EXPIRES:_____



☐ FEPA
☒ EEOC

## Massachusetts Commission Against Discrimination   and EEOC

### (State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) Ann Marie Arbour | HOME TELEPHONE NO. (Include Area Code) 508-495-0095 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 254 Pearl Street Extension, Attleboro, MA 02703 | | Bristol |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME MicroOptical | NO. OF EMPLOYEES/MEMBERS 25+ | TELEPHONE NUMBER (Include Area Code) 781-326-8111 |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 33 Southwest Park, Westwood, MA  02090 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ AGE   ☐ RETALIATION   ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)

CONTINUING

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

PLEASE SEE ATTACHED AFFIDAVIT

---

☒ I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

Date

X _Ann Marie Arbour_
Charging Party (Signature)

EEOC FORM 5 MAR 84          PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

FILE COPY

### *AFFIDAVIT*

FEB 2 4 2003

CO...

I, Ann Arbour, hereby certify that the following statements are true and accurate to the best of my knowledge and recollection:

1) I began my employment with MicroOptical Engineering on or about June 25, 2001 making $ 17.00 per hour. I presently make $ 17.68 per hour.

2) On or about the beginning of August 2001, I had a brief dating relationship with a co-worker named Tupper. Shortly thereafter, he began dating someone else.

3) Although Tupper was in a relationship with another woman, he continuously made advances towards me.

4) Sometime in October, I began to get sick and I was ultimately hospitalized.

5) When I returned to work from my illness, I had a conversation with Tupper. During that conversation, I told him that part of my illness had to do with him.

6) After the aforementioned conversation, Tupper began a series of acting his anger out towards me. He would always speak to me in a hostile manner.

7) Sometime in February 2002, I began a dating relationship with another man and the hostilities between myself and Tupper worsened. I was verbally attacked for dating another man.

8) On or about March 2002, my dating relationship ended since the man that I was dating was afraid of Tupper.

9) From March through August, Tupper would threaten any males that would talk to me. He would continuously scream at me and speak to me in a hostile manner.

10) After a meeting with Human Resources, a decision was made that Tupper and I wouldn't speak to one another.

11) On or about August 2002, after a meeting, I was told by Paul Z., the President of the company that I had to tolerate the behavior because Tupper was an intricate part of the company.

12) From the end of October to the beginning of November Tupper would continuously harass me by screaming at me, slam doors in my direction, swear at me, make sexual comments, increase the volume of his radio, etc. I made complaints; however, I was told that I had to 'take it'.

13) On or about November 7, 2002 I went out for surgery. On or about November 18, 2002, I returned to work after having surgery. The hostility continued.

14)  After continued harassment on or about December 13, 2002 I was told by Mark, the CEO to take a leave of absence to 'pull myself together'.

15)  On or about January 6, 2003 I returned to work. The harassment continued. On or about January 7, 2003, I had a meeting with Noa, my supervisor, at which time I told her that I was not going to take it anymore. She said that she would talk to Paul and keep an eye on him.

16)  On or about January 9, 2003 I told Noa again that the harassment was continuing and that I wasn't going to take it anymore. She said that she would talk to Paul.

17)  On or about January 10, 2003 I spoke with Noa again about the harassment that was continuing and seemingly worsening each day. I was again told that she would speak with Paul.

18)  On or about January 14, 2003, I told Noa again. I was later called into Paul's office at which time Paul told me that he thought that it was all in my head and I was making it all up. He then mentioned the leave of absence that I had recently taken. I reminded him that the leave of absence would not have been necessary if Tupper would not harass me and if he (Paul) had done something to stop it.

19)  The harassment and hostility continues to exist. I feel as though the hostility has created a terrible working environment. I have made numerous complaints; however nothing has been done to cease the harassing behavior directed towards me.

Signed under the pains and penalties of perjury on this 12th day of February 2003.

*Ann Arbour*

Ann Arbour

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone:  (617) 994-6000 Fax:  (617) 994-6024**

---

MCAD DOCKET NUMBER:  04BEM00313          EEOC/HUD CHARGE NUMBER:  16CA400887
FILING DATE: 02/04/04                              VIOLATION DATE: 10/23/03

---

Name of Aggrieved Person or Organization:

Ms. Ann Marie  Arbour
254 Pearl Street Extension
Attleboro, MA 02703
Primary Phone: (508)496-0095 ext. ____

---

Named is the employer, labor organization, employment agency, or state/local government agency who
discriminated against me:

MicroOptical
Attn: Human Resource Division
33 Southwest Park
Westwood, MA 02090
Primary Phone: (781)326-8111 ext. ____

No. of Employees:          25+

Work Location: Westwood

---

Cause of Discrimination based on:
Disability, Other mental, nervous or emotional problem.

---

The particulars are:
I, Ann Marie  Arbour, the Complainant believe that I  was discriminated against by MicroOptical, on the
basis of Disability. This is in violation of M.G.L. 151B Section (4) Paragraph (16) and ADA.

See attached

---

MCAD Docket Number 04BEM00313, Complaint

## COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION

| | |
|---|---|
| **ANN MARIE ARBOUR,** )<br>*Claimant,*    )<br>                )<br>V               )<br>                )<br>**MICRO OPTICAL,**   )<br>*Respondent.*    ) | MCAD Docket No: 03BEM00527 <br><br> EEOC Charge No:  |



### COMPANION COMPLAINT

Now comes the Claimant, Ann Marie Arbour, in the above-entitled matter, who hereby submits this Companion Complaint to the Massachusetts Commission Against Discrimination:

1) I continued to be harassed while working at MicroOptical and sought treatment for same through John P. Raftery, ED.D.

2) My doctor ordered me not to return to work until the "negative working environment" was omitted from my place of employment.

3) Per my doctor's orders, I requested a leave of absence and was granted same. I was placed on long-term disability.

4) While out on disability, I received notice from MicroOptical, stating they did not feel that a hostile working environment existed and that they would do nothing to change the conditions. Further, I was informed that prior to returning to work, I would have to meet certain conditions including: (1) I would have to submit a letter from my doctor indicating that I was released and able to return to work; and (2) I was informed that I would have to disclose information pertaining to my religious beliefs.

5) My long term disability ended and since the "negative working conditions" were not omitted, my doctor would not submit a letter stating that I was released to return to work.

6) Since I could not return to work without the letter form my doctor, I did not return to work.

7) I was terminated on October 23, 2003.



8)    Although I was terminated in October of 2003, on January 20, 2004, my doctor
      received a request for information from MicroOptical.

Signed under the pains and penalties of perjury on this __/__ day of __February__ 2004.

Ann Marie Arbour



January 20, 2004

John P. Raftery, Ed. D.
116 Whitcomb Avenue
Boston, Massachusetts 02130

Dear Dr. Raftery,

I have become aware of several letters (written by you but not received by MicroOptical) during a hearing on Ann's unemployment. These letters were dated over a time period from March to October of 2003. Could you please send me copies of these letters.

Thank you,

Paul M. Zavracky
President and COO
The MicroOptical Corporation
33 Southwest Park
Westwood, MA 02090

The Law Office of

*David R. Ardito*

Telephone  (508) 431-2222
Facsimile  (508) 431-2211

Bislo & Dupont Building
228 County Street
Attleboro, Massachusetts
02703-3534

### FACSIMILE TRANSMITTAL COVER SHEET

*Date:* February 10, 2004

*To:* Carol Mosca / Massachusetts Commission Against Discrimination

*From:* Law Office of David R. Ardito

*Fax Number:* 1-617-994-6024

*Number of pages (including this cover):* (N)

In Re: Ann Marie Arbour v. Micro Optical
        Complaint filed on February 3, 2004

Dear Ms. Mosca:

Per your request, enclosed please find medical documentation relative to the above-referenced matter for your files. Please do not hesitate to contact this office if you are in need of anything further at this time.

Very truly yours,


David R. Ardito

DRA/ld
Enclosures

This transmittal is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmission is not the intended recipient, or the employee or agent responsible for delivering the transmittal to the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone.

# JOHN P. RAFTERY, ED.D.
### LICENSED PSYCHOLOGIST
### CERTIFIED HEALTH CARE PROVIDER

110 WHITCOMB AVENUE
BOSTON, MASSACHUSETTS 02130

_____

TELEPHONE (617) 524-3070

March 28, 2003

Mr. Paul M. Zauracky
President, MicroOptical

Fax: 781-326-4110

Dear Mr. Zauracky:

Enclosed you shall find the information you requested from the writer in a letter dated
March 21, 2003 to Ms. Ann Arbour.

1) The client has been diagnosed as clinically depressed and experiencing an anxiety
   disorder. The emotional wellness of this client has been traumatized by the negative
   working conditions in her place of employment. .

   Sleep disturbance, appetite and weight loss, poor concentration, excess worry and
   tension, fatigue, fearfulness, and sad affect are preventing this client from effectively
   fulfilling the responsibilities required by her work position.

2) The current disability will remain in effect as long as the negative working conditions
   remain in place. The client will be able to return to work once the negative
   conditions are removed on a permanent basis and a written and notarized agreement
   is created that will prevent the reoccurrence of any and all of the negative conditions.

3) It has been reported to the writer by the client that a Mr. Scott Tupper, an employee
   of your company, has been harassing her for the past 6 months in spite of numerous
   requests to management by the client for direct interventions to stop the harassment.
   The negative conditions referred to by the writer are the harassing events taking
   place.

The client stated to the writer that Mr. Tupper made numerous critical comments to her,
displayed threatening facial expressions to her, demonstrated hostile body language and
criticized her religious views. On one occasion Mr. Tupper made the following statement
to the client, "You fucking women are all alike. You all play head games." Other
comments similar to the latter one above have been common.

These above-described events have been practiced by Mr. Tupper in the absence of any
other observers or witnesses and directed clearly at this client.

Ms. Ann Arbour has reported to me that she has been fearful of using the bathroom in the building or moving about the building because of the harassment she has experienced from Mr. Tupper.

I am of the professional opinion that the information presented to me by Ms. Ann Arbour concerning the behavior of Mr. Scott Tupper is valid and reliable and the direct cause of the depression, anxiety and traumatized feelings she is experiencing.

The rectification and removal of the negative conditions at this client's place of employment will allow her to return to work in a respectful environment in which she can perform her tasks in a responsible and effective manner.

Sincerely,

John P. Raftery, Ed.D.

JOHN P. RAFTERY, ED.D.

LICENSED PSYCHOLOGIST
CERTIFIED HEALTH CARE PROVIDER

116 WHITCOMB AVENUE
BOSTON, MASSACHUSETTS 02130

TELEPHONE (617) 524-8070

3/17/03

To whom it May Concern:

Ann Frane Arbour should not return to her present job because of the psychological, emotional and physical stress created by the negative conditions present at her job. A leave of absence is advisable until such time as the stress level of this Client is reduced and the negative working conditions are removed.

John P. Raftery Ed.D.

# Exhibit D

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Boston Area Office

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

August 15, 2005

**RECEIVED**

**AUG 1 5 2005**

**E. S. M.**

Erin Martino, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA  02109

Re: Ann Marie Arbour v. MicroOptical Corporation, BRCV2005-00783

Dear Attorney Martino:

In response to your letter and subpoena of August 12, we can confirm that the only two charges filed by Ann Marie Arbour against MicroOptical with the EEOC are EEOC Charge Nos. 16C-2003-01105 (old numbering system is 16CA301105) and 16C-2004-00887 (old numbering system is 16CA400887).  We have no record of any other charges by Ms. Arbour against MicroOptical.

I enclose copies of the two charges.

Sincerely,

Markus L. Penzel
Senior Trial Attorney

Encls.

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | | | |
|---|---|---|---|
| To: | EEOC | Date: | 2/28/2003 |
| | JFK Federal Building | EEOC Charge Number: | 16CA301105 |
| | Fourth Floor, Room 475 | 706 Agency Charge Number: | 03BEM00527 |
| | Boston, MA 02203 | | |

### SUBJECT: CHARGE TRANSMITTAL

#### Ann Marie Arbour v. MicroOptical

Transmitted herewith is a charge of employment discrimination initially received by the:
___ EEOC    _X_ Mass. Commission Against Discrimination on    02/24/03
           (Name of 706 Agency)                        (Date of Receipt)

___Pursuant to the work-sharing agreement, this charge is to be initially processed by the EEOC.
_X_Pursuant to the work-sharing agreement, this charge is to be initially processed by the 706 Agency.
   ___EEOC requests a waiver   ___706 agency waiver
   ___No waiver requested   _X_706 agency will process the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and where
appropriate, to indicate whether the 706 agency will initially process the charge.

| Typed Name of EEOC or Agency Director<br>Dorca I. Gomez, Chairwoman | Signature |
|---|---|

Ann Marie Arbour                       MicroOptical
(Charging Party)                      (Respondent)

To whom it may concern:
___ This will acknowledge receipt of the referenced charge and indicate the agency's intention to initially
process the charge.
___ This will acknowledge receipt of the referenced charge and indicate the agency's intention not to
initially process the charge.
___ This will acknowledge receipt of the referenced charge and indicate the Agency's intention to
dismiss/close/not docket the charge for the following reason:

| Typed Name of Agency Director<br>Robert L. Sanders | Signature |
|---|---|

| | | |
|---|---|---|
| The Commonwealth of Massachusetts | Date: | 2/28/2003 |
| Commission Against Discrimination | EEOC Charge Number: | 16CA301105 |
| One Ashburton Place , Boston, MA 02108 | 706 Agency Charge Number: | 03BEM00527 |

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place , Boston, MA 02108**
**Phone: (617) 994-6000 Fax: (617) 994-6024**

MCAD DOCKET NUMBER: 03BEM00527     EEOC/HUD CHARGE NUMBER: 16CA301105
FILING DATE: 02/24/03                              VIOLATION DATE: 02/24/03

Name of Aggrieved Person or Organization:
Ann Marie Arbour
254 Pearl Street Extension
Attleboro, MA 02703
Primary Phone: (508)496-0095 ext. _____

Named is the employer, labor organization, employment agency, or state/local government agency who
discriminated against me:
MicroOptical
Human Resources
33 Southwest Park
Westwood, MA 02090
Primary Phone: (781)326-8111 ext. _____

No. of Employees:          25+

Work Location: Westwood, MA

Cause of Discrimination based on:
Sex, Female.

The particulars are:
I, Ann Marie Arbour, the Complainant believe that I was discriminated against by MicroOptical, on the
basis of Sex. This is in violation of M.G.L. 151B Section 4 Paragraph 1 and Title VII.

See Attached

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information
and belief.

_____
(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 2/28/2003.

NOTARY PUBLIC: _____

SIGNATURE NOTARY PUBLIC:_____
MY COMMISSION EXPIRES:_____

(508) 431-2222
FAX (508) 431-2211



BISIO & DUPONT BUILDING
228 COUNTY STREET
ATTLEBORO, MASSACHUSETTS
02703-3534

THE LAW OFFICE OF

*David R. Ardito*

February 19, 2003

Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

**In Re: *Ann Arbour v. MicroOptics***
        ***Hostile Environment***

To Whom it May Concern:

Please be advised that this office has been retained by Ms. Ann Arbour to represent her in
what she believes to be a hostile environment matter.

My client is currently employed by MicroOptics and is being harassed by a coworker.
Since my client has made numerous complaints to both her supervisor and the president
of the company to no avail, she has asked us to represent her.

I am enclosing Ms. Arbour's Affidavit for your review and filing; however, please be
advised that my client's intentions are simply to cease the harassment. It is her hope that
she will be able to continue her employment with MicroOptics without any further
harassment by her coworker.

I thank you for your kind attention to this matter. Please do not hesitate to contact this
office with any questions or concerns that you may have relative to same.

Very truly yours,



David R. Ardito, Esq.

DRA/ld
Enclosures

cc: MicroOptics

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

XX EEOC

## Massachusetts Commission Against Discrimination and EEOC

(State or local Agency, if any)

NAME (Indicate Mr., Ms., or Mrs.)
Ann Marie Arbour

HOME TELEPHONE NO. (Include Area Code)
508-498-0095

STREET ADDRESS          CITY, STATE AND ZIP CODE
254 Pearl Street Extension, Attleboro, MA 02703

COUNTY
Bristol

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| MicroOptical | 25+ | 781-326-8111 |

STREET ADDRESS          CITY, STATE AND ZIP CODE
33 Southwest Park, Westwood, MA    02090

NAME                                          TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS          CITY, STATE AND ZIP CODE

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE    ☐ COLOR    ☑ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ AGE    ☐ RETALIATION    ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)

CONTINUING

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

PLEASE SEE ATTACHED AFFIDAVIT

---

✗ I also want this charge filed with the EEOC.
I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date

X _Ann Marie Arbour_
Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5
MAR 84

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

FILE COPY

### *AFFIDAVIT*

FEB 2 4 2004

I, Ann Arbour, hereby certify that the following statements are true and accurate to the best of my knowledge and recollection:

1)      I began my employment with MicroOptical Engineering on or about June 25, 2001 making $ 17.00 per hour. I presently make $ 17.68 per hour.

2)      On or about the beginning of August 2001, I had a brief dating relationship with a co-worker named Tupper. Shortly thereafter, he began dating someone else.

3)      Although Tupper was in a relationship with another woman, he continuously made advances towards me.

4)      Sometime in October, I began to get sick and I was ultimately hospitalized.

5)      When I returned to work from my illness, I had a conversation with Tupper. During that conversation, I told him that part of my illness had to do with him.

6)      After the aforementioned conversation, Tupper began a series of acting his anger out towards me. He would always speak to me in a hostile manner.

7)      Sometime in February 2002, I began a dating relationship with another man and the hostilities between myself and Tupper worsened. I was verbally attacked for dating another man.

8)      On or about March 2002, my dating relationship ended since the man that I was dating was afraid of Tupper.

9)      From March through August, Tupper would threaten any males that would talk to me. He would continuously scream at me and speak to me in a hostile manner.

10)     After a meeting with Human Resources, a decision was made that Tupper and I wouldn't speak to one another.

11)     On or about August 2002, after a meeting, I was told by Paul Z., the President of the company that I had to tolerate the behavior because Tupper was an intricate part of the company.

12)     From the end of October to the beginning of November Tupper would continuously harass me by screaming at me, slam doors in my direction, swear at me, make sexual comments, increase the volume of his radio, etc. I made complaints; however, I was told that I had to 'take it'.

13)     On or about November 7, 2002 I went out for surgery. On or about November 18, 2002, I returned to work after having surgery. The hostility continued.

14) After continued harassment on or about December 13, 2002  I was told by Mark, the CEO to take a leave of absence to 'pull myself together'.

15) On or about January 6, 2003 I returned to work. The harassment continued. On or about January 7, 2003, I had a meeting with Noa, my supervisor, at which time I told her that I was not going to take it anymore. She said that she would talk to Paul and keep an eye on him.

16) On or about January 9, 2003 I told Noa again that the harassment was continuing and that I wasn't going to take it anymore. She said that she would talk to Paul.

17) On or about January 10, 2003 I spoke with Noa again about the harassment that was continuing and seemingly worsening each day.  I was again told that she would speak with Paul.

18) On or about January 14, 2003, I told Noa again.  I was later called into Paul's office at which time Paul told me that he thought that it was all in my head and I was making it all up.  He then mentioned the leave of absence that I had recently taken.  I reminded him that the leave of absence would not have been necessary if Tupper would not harass me and if he (Paul) had done something to stop it.

19) The harassment and hostility continues to exist. I feel as though the hostility has created a terrible working environment. I have made numerous complaints; however nothing has been done to cease the harassing behavior directed towards me.

Signed under the pains and penalties of perjury on this 12th day of February 2003.

_Ann Arbour_

Ann Arbour

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

To:  EEOC                          **Date:**                          **2/10/2004**
     JFK Federal Building          **EEOC Charge Number:**            **16CA400887**
     Fourth Floor, Room 475        **706 Agency Charge Number:**      **04BEM00313**
     Boston, MA 02203

### SUBJECT: CHARGE TRANSMITTAL
#### Ann Marie Arbour v. MicroOptical

Transmitted herewith is a charge of employment discrimination initially received by the:
___ EEOC    _X_ Mass. Commission Against Discrimination on    02/04/04
                    (Name of 706 Agency)                           (Date of Receipt)

___Pursuant to the work-sharing agreement, this charge is to be initially processed by the EEOC.
_X_ Pursuant to the work-sharing agreement, this charge is to be initially processed by the 706 Agency.
___EEOC requests a waiver    ___706 agency waiver
___No waiver requested    _X_ 706 agency will process the charge initially

Please complete the bottom portion of this form to acknowledge receipt of the charge and where
appropriate, to indicate whether the 706 agency will initially process the charge.

| Typed Name of EEOC or Agency Director | Signature |
| Dorca I. Gomez, Chairwoman | |

Ann Marie Arbour                          MicroOptical
(Charging Party)                          (Respondent)

To whom it may concern:
___ This will acknowledge receipt of the referenced charge and indicate the agency's intention to initially
process the charge.
___ This will acknowledge receipt of the referenced charge and indicate the agency's intention not to
initially process the charge.
___ This will acknowledge receipt of the referenced charge and indicate the Agency's intention to
dismiss/close/not docket the charge for the following reason:

| Typed Name of Agency Director | Signature |
| Robert L. Sanders | |

The Commonwealth of Massachusetts          Date:                       2/10/2004
Commission Against Discrimination          EEOC Charge Number:         16CA400887
One Ashburton Place, Boston, MA 02108       706 Agency Charge Number:   04BEM00313

### The Commonwealth of Massachusetts
### Commission Against Discrimination
### One Ashburton Place , Boston, MA 02108
### Phone: (617) 994-6000 Fax: (617) 994-6024

---

MCAD DOCKET NUMBER: 04BEM00313      EEOC/HUD CHARGE NUMBER: 16CA400887
FILING DATE: 02/04/04      VIOLATION DATE: 10/23/03

---

Name of Aggrieved Person or Organization:

Ms. Ann Marie Arbour
254 Pearl Street Extension
Attleboro, MA 02703
Primary Phone: (508)496-0095 ext. _____

---

Named is the employer, labor organization, employment agency, or state/local government agency who
*discriminated against me:*

MicroOptical
Attn: Human Resource Division
33 Southwest Park
Westwood, MA 02090
Primary Phone: (781)326-8111 ext. _____

No. of Employees:      25+

Work Location: Westwood

---

Cause of Discrimination based on:
Disability, Other mental, nervous or emotional problem.

---

**The particulars are:**
I, Ann Marie Arbour, the Complainant believe that I was discriminated against by MicroOptical, on the
basis of Disability. This is in violation of M.G.L. 151B Section (4) Paragraph (16) and ADA.

See attached

---

The Law Office of

*David R. Ardito*

Telephone  (508) 431-2222
Facsimile  (508) 431-2211

Bisio & Dupont Building
228 County Street
Attleboro, Massachusetts
02703-3534

February 3, 2004

Commission Against Discrimination
Commonwealth of Massachusetts
Attn: Caroline Sarante
One Ashburton Place
Boston, MA 02108

In Re: Ann Marie Arbour v. MicroOptical
MCAD Docket No: 03BEM 00527
EEOC Charge No:  16CA 30105



Dear Ms. Sarante:

Per our recent discussion, enclosed herewith please find the complainant, Ann Marie Arbour's Companion Complaint relative to the above-entitled matter, along with a letter from my client's doctor dated January 20, 2004 for your review and files.

Thank you for your kind attention to this matter.

Very truly yours,


David R. Ardito

DRA/ld
enclosures

## COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION

ANN MARIE ARBOUR,          )
    *Claimant,*          )          MCAD Docket No: 03BEM00527
               )
      V          )          EEOC Charge No:
               )
MICRO OPTICAL,          )
    *Respondent.*          )



RECEIVED
FEB 0 4 2004
COMMISSION AGAINST
DISCRIMINATION

### COMPANION COMPLAINT

Now comes the Claimant, Ann Marie Arbour, in the above-entitled matter, who hereby submits this Companion Complaint to the Massachusetts Commission Against Discrimination:

1)    I continued to be harassed while working at MicroOptical and sought treatment for same through John P. Raftery, ED.D.

2)    My doctor ordered me not to return to work until the "negative working environment" was omitted from my place of employment.

3)    Per my doctor's orders, I requested a leave of absence and was granted same. I was placed on long-term disability.

4)    While out on disability, I received notice from MicroOptical, stating they did not feel that a hostile working environment existed and that they would do nothing to change the conditions. Further, I was informed that prior to returning to work, I would have to meet certain conditions including: (1) I would have to submit a letter from my doctor indicating that I was released and able to return to work; and (2) I was informed that I would have to disclose information pertaining to my religious beliefs.

5)    My long term disability ended and since the "negative working conditions" were not omitted, my doctor would not submit a letter stating that I was released to return to work.

6)    Since I could not return to work without the letter form my doctor, I did not return to work.

7)    I was terminated on October 23, 2003.

8)  Although I was terminated in October of 2003, on January 20, 2004, my doctor received a request for information from MicroOptical.

Signed under the pains and penalties of perjury on this _1_ day of _February_ 2004.

_Ann Marie Arbour_

Ann Marie Arbour