MAS-20041213
barbmeli

**Commonwealth of Massachusetts**
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

08/23/2005
10:32 AM

# BRCV2005-00783
## Arbour v Micro Optical

| | | | |
|---|---|---|---|
| **File Date** | 07/19/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 08/22/2005 | **Session** | A - CtRm 1 - (Fall River) |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination |
| **Lead Case** | | **Track** | F |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 10/17/2005 | **Answer** | 12/16/2005 | **Rule12/19/20** | 12/16/2005 |
| **Rule 15** | 12/16/2005 | **Discovery** | 05/15/2006 | **Rule 56** | 06/14/2006 |
| **Final PTC** | 07/14/2006 | **Disposition** | 09/12/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Ann Marie Arbour
254 Pearl Street Extension
Active 07/19/2005

**Defendant**
Micro Optical
33 Southwest Park
Served: 08/02/2005
Served (answr pending) 08/15/2005

By Photostatic Process

*[signature]*
Asst. Clerk of Courts

**Other interested party**
FILE COPY
Active 07/19/2005 Notify

**Private Counsel 630025**
David R Ardito
Bates Bldg.
7 North Main Street, Suite 215A
Attleboro, MA 02703-3534
Phone: 508-431-2222
Fax: 508-431-2211
Active 07/19/2005 Notify

**Private Counsel 217170**
Robert M Hale
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 08/23/2005 Notify

**Private Counsel 658100**
Erin S. Martino
Goodwin Procter
53 State Street
Exchange Place
Boston, MA 02109
Phone: 617-570-1000
Fax: 617-523-1231
Active 08/23/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 07/19/2005 | 1.0 | Complaint & civil action cover sheet filed |

case01 216157 y y y y y y

MAS-20041213
barbmeli

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

08/23/2005
10:32 AM

### BRCV2005-00783
### Arbour v Micro Optical

| Date | Paper | Text |
|------|-------|------|
| 07/19/2005 | | Origin 1, Type B22, Track F. |
| 08/15/2005 | 2.0 | SERVICE RETURNED (summons): Micro Optical, service made on August 02, 2005 (in hand) |
| 08/22/2005 | 3.0 | Notice for Removal to the United States District Court filed by Micro Optical |
| 08/22/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 07/19/2005 | CtRm Main - (Taunton) | Status: by clerk<br>Initial One Trial Review | Event held as scheduled |



hereby certify on   that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on_____
☐ original filed in my office on _____

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By:_____
Deputy Clerk

COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  | x |  |
|---|---|---|
| ANN MARIE ARBOUR, | x | |
| | x | |
| Plaintiff, | x | |
| | x | |
| v. | x | Civil Action No. |
| | x | |
| THE MICROOPTICAL CORPORATION, | x | |
| | x | |
| Defendant. | x | 05 - 11730 |

## NOTICE OF REMOVAL

Defendant THE MICROOPTICAL CORPORATION ("MicroOptical") files this Notice

of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and hereby removes this action from the

Superior Court of the Trial Court of the Commonwealth of Massachusetts, Bristol County (the

"Superior Court") to the United States District Court for the District of Massachusetts. As its

reasons for removal, MicroOptical states:

1.    Plaintiff Ann Marie Arbour commenced an action in the Superior Court against

MicroOptical titled *Ann Marie Arbour v. Micro Optical*, Docket No. BRCV 2005-00783 (the

"Pending Action"). MicroOptical is the sole defendant in the Pending Action. A true and

correct copy of the Summons and Complaint in the Pending Action is attached hereto as F

A.

2.    Plaintiff's Summons and Complaint were delivered to MicroOptical on

2005. Therefore, this Notice of Removal is timely.

3.    In paragraphs 21-26 of her Complaint, Plaintiff seeks relief for an al

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, a

("Title VII"), and the American with Disabilities Act, 42 U.S.C. §12101 *et seq.*

LIBB/1364244.1

4.     Based on those allegations, this action is a civil action over which this Court has jurisdiction. The Court's jurisdiction over Title VII claims arises under 42 U.S.C. §2000e-5(f)(3), which, in material part, provides as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.

The Court's jurisdiction over ADA claims arises under 42 U.S.C. § 12117(a), which states, in relevant part, that "[t]he powers, remedies, and procedures set forth in sections…2000e-5….of this title shall be the powers, remedies, and procedures this subchapter provides…to any person alleging discrimination on the basis of disability in violation of any provision of this chapter…."

5.     Therefore, this Court has jurisdiction over all claims and all parties. The Court has jurisdiction over the Complaint pursuant to 28 U.S.C. §1331, 42 U.S.C. 2000e-5(f)(3), and 42 U.S.C. §12117(a). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

6.     The pending action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because it is pending in Bristol County, Massachusetts, which lies within this District.

Respectfully submitted,

THE MICROOPTICAL CORPORATION

By its attorneys,

_____
Robert M. Hale (BBO #217170)
Erin S. Martino (BBO #658100)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

A true copy, by R.    Process
Attest:
_____
                        Courts

Dated: August ??, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail by hand on 8/22/05.

-2-

LIBB/1364244.1

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

BRISTOL, ss.                                                    TAUNTON DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANN MARIE ARBOUR,            \*              Bristol County Superior Court
            Plaintiff,       \*
                             \*              Civil Docket No: BRCV 2005- C0783.
        V                    \*
                             \*
MICRO OPTICAL,               \*
            Defendant.       \*        **COMPLAINT**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1.    The Plaintiff, Ann Marie Arbour, is an individual residing at 254 Pearl Street Extension in
      Attleboro, Bristol County, Massachusetts.

2.    The Defendant, Micro Optical, is upon information and belief, a corporation duly organized
      and existing under the laws of the Commonwealth of Massachusetts, and maintains an office
      and a place of business at 33 Southwest Park, Westwood, Massachusetts.

## FACTS

3.    The Plaintiff began her employment with the Defendant on or about June 25, 2001 earning
      $17.00 per hour.

4.    During her employment with the Respondent, the Plaintiff had a brief dating relationship with
      a co-worker.

5.    After the relationship with her co-worker ended, the co-worker continued to make
      unwelcome advances towards the Defendant, causing the Plaintiff emotional distress and
      anxiety. In October of 2001, the Plaintiff's illness worsened and she was ultimately
      hospitalized.

6.    At the conclusion of her hospitalization and upon return to work for the Defendant, the co-
      worker began a series of cruel emotional harassment, creating a hostile environment.

7.    After making complaints to the Defendant about the co-worker's harassment, the Plaintiff was
      told that she must tolerate the behavior because the co-worker was an intricate part of the
      company.

8.    The Plaintiff took a short leave of absence in November of 2002 to have surgery. She
      returned to her employ on or about November 18, 2002 and the hostile environment and
      harassment continued.

9.      After numerous complaints to the Defendant, the Plaintiff was told to take a leave of absence to 'pull herself together', which she did, returning to work on or about January 6, 2003; however, the harassment continued.

10.     After several more complaints to the Defendant nothing was done to cease the co-worker's behavior.

11.     The harassment continued throughout the remainder of the Plaintiff's employ with the Defendant, causing her to seek treatment with John P. Rafterty, who ordered her not to return to work until the negative working environment was omitted from her place of employment. The Plaintiff requested a leave of absence and was granted same. The Plaintiff went out on long-term disability.

12.     While out on long-term disability, the Plaintiff received notice from the Defendant stating that it did not feel that a hostile working environment existed and that they would do nothing to change the conditions. She was further notified that prior to her return to work, she would have to meet certain conditions, including: (1) submit a letter from the Plaintiff's doctor releasing her to return to work; and (2) she would have to disclose information pertaining to her religious beliefs.

13.     The Plaintiff's long-term disability ended; however, the 'negative working environment' was not corrected; therefore the Plaintiff's doctor refused to release her back to work. Because her doctor refused to release her back to work, the Defendant would not allow her to return to work.

14.     The Plaintiff's doctor would not release her back to work because the Defendant engaged in a series of attacks on the Plaintiff's religious beliefs.

15.     The Plaintiff is a member of a religion that believes in witchcraft.

16.     The Defendant would attack the Plaintiff's religious beliefs by having his employees sing or hum tunes from the *Wizard of Oz* .

17.     The Defendant admitted under oath at an unemployment hearing that his employees did such but only because it was a product line that the company had been working on.

18.     The Plaintiff repeatedly told the Defendant's supervisor that she found these comments and songs offensive and against her religious belief.

19.     The Defendant did nothing to stop his employees from these attacks on the Plaintiff's religious beliefs.

20.     The Plaintiff was terminated by the Defendant on October 23, 2003.

## COUNT I
### Discrimination Against a Disabled Person

21.    The Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 20 of this Complaint as it sets out in full herein.

22.    The Plaintiff was a disabled person under the law.

23.    The Plaintiff remained ready, willing and able to perform her duties under employment with the Defendant with reasonable accommodations.

24.    The Defendant failed to provide the Plaintiff with reasonable accommodations.

25.    The Defendant discharged the Plaintiff because her treating doctor would not release her to return to work without the necessary reasonable accommodations made and the Defendant would not allow the Plaintiff to return to work without being released by her doctor to do so.

26.    By the above conduct, the Defendant is in direct violation of the Americans with Disabilities Act and Title VII.

## COUNT II
### Intentional Infliction of Emotional Distress

27.    The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 26 of this Complaint as it sets out in full herein.

28.    The Defendant has intentionally inflicted emotional distress upon the Plaintiff.

29.    The Plaintiff has suffered emotional distress, mental anxiety, loss of reputation and humiliation.

## COUNT III
### Negligent Infliction of Emotional Distress

30.    The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 29 of this Complaint as it sets out in full herein.

31.    The Defendant has negligently inflicted emotional distress upon the Plaintiff.

32.    As a result, the Plaintiff has suffered emotional distress, mental anxiety, los of reputation and humiliation.

## COUNT IV
### Discrimination Based on Religion

33.  The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 32 of this Complaint as it sets out in full herein.

34.  The Defendant requested that the Plaintiff disclose her Religious Beliefs prior to returning to her position, which is a violation of the Plaintiff's rights.

35.  The Defendant has an obligation to prohibit against disparate treatment based upon creed or religion ; and a duty to make reasonable accommodations.


WHEREFORE, the Plaintiff respectfully prays this Honorable Court to advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited and upon such hearing to:

1)  Issue a declaratory judgment that the Defendant's acts, policies, practices and procedures complained of herein violated the Plaintiff's rights;

2)  Order the Defendant to make the Plaintiff whole by ordering damages for damages for loss of income and lost fringe benefits;

3)  Award damages for discrimination in accordance with the Americans with Disabilities Act;

4)  Award damages for emotional distress and loss of reputation damages; and

5)  Order such other and further relief as this Court deems just and proper.

PLAINTIFF REQUESTS TRIAL BY JURY.

A True Copy By Photostatic Process
Attest:

_[signature]_

A.        k of Courts

Respectfully submitted,
ANN MARIE ARBOUR,
By and through her attorney,

_____

David R. Ardito, Esquire
Bates Building, Suite #215A
7 North Main Street
Attleboro, MA 02703
1-508-431-2222
BBO# 630025

#2

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. BRCV 2005-00783-1

_Ann Marie Arbour_ , Plaintiff (s)

v.

_Micro Optical_ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
 PLEASE INDICATE TYPE OF ACTION INVOLVED :—
 TORT — MOTOR VEHICLE TORT — CONTRACT —
 EQUITABLE RELIEF — OTHER.)

## SUMMONS

To THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon DAVID R. Archito

plaintiff's attorney, whose address is 7 N. Main St., #215A, Attleboro MA 02703
an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at ................................ either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the _27 TH_ .........day of.....July.........., in the year
of our Lord two thousand and ...Five.................

A TRUE COPY, ATTEST: _Mary f Sar_

DEPUTY SHERIFF

Magistrate

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

NOTES. DATE 8/2/05

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If
   a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

<div style="writing-mode: vertical">NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

#3

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

BRISTOL, ss.
DEPARTMENT

SUPERIOR COURT
Taunton Division

BRISTOL, SS SUPERIOR COURT
FILED

AUG 22 2005

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

|  |  |  |
|---|---|---|
| ANN MARIE ARBOUR, | X | |
| | x | |
| Plaintiff, | x | |
| | x | |
| v. | x | Civil Action No. BRCV 2005-00783 |
| | x | |
| THE MICROOPTICAL CORPORATION, | x | |
| | x | |
| Defendant. | x | |
| | x | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), Defendant THE MICROOPTICAL CORPORATION

hereby gives notice to the Superior Court of Bristol County, Taunton Division, and the attorney

for Plaintiff Ann Marie Arbour, that, on August 22, 2005, Defendant filed a Notice of Removal,

thereby removing this action to the United States District Court for the District of Massachusetts.

A certified copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

THE MICROOPTICAL CORPORATION

By its attorneys,

By Photostatic Process

Asst. Clerk of C...

Robert M. Hale (217170)
Erin S. Martino (658100)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated:  August 22, 2005

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document
was served upon the attorney of record for each
other party by mail/by hand on 8/22/15

LIBB/1364259.1

# GOODWIN | PROCTER

Erin S. Martino
617.570.8179
emartino@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 22, 2005

BY HAND

Clerk of the Court
Bristol County Superior Court
Taunton Division
Civil Claims
15 Court Street
Taunton, MA  02780

Re:   **Ann Marie Arbour v. The MicroOptical Corporation**
      **Civil Action No. 05-00783**

Dear Clerk:

Enclosed for filing and docketing in the above-referenced action, please find Defendant's Notice of Filing of Notice of Removal.  Kindly acknowledge receipt of the foregoing document by date stamping the copy and returning the same to the waiting messenger.

Thank you for your assistance in this matter.

Very truly yours,

Erin S. Martino

ESM:je
Enclosure

cc:    David R. Ardito, Esq.

LIBB/1364284.1