UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN MARIE ARBOUR, | x |
| Plaintiff, | x |
| v. | x   Civil Action No. 05-11730-PBS |
| THE MICROOPTICAL CORPORATION, | x |
| Defendant. | x |

## ANSWER

Defendant, The MicroOptical Corporation ("MicroOptical"), by and through its undersigned counsel, provides the following answer to the Complaint of Plaintiff Ann Marie Arbour (the "Complaint"):

### FIRST AFFIRMATIVE DEFENSE

Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that MicroOptical may have to seek relief by appropriate motions directed to the allegations in the Complaint. MicroOptical answers the numbered allegations of the Complaint as follows:

### "COMPLAINT"

1.  MicroOptical admits that Ms. Arbour is an individual. MicroOptical is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2.    MicroOptical denies the allegations contained in Paragraph 2 of the Complaint. By way of further answer, MicroOptical states that it is a Delaware corporation, with its principal place of business located at 33 Southwest Park, Westwood, Massachusetts 02090.

## "FACTS"

3.    MicroOptical admits the allegations contained in Paragraph 3 of the Complaint.

4.    MicroOptical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. By way of further answer, MicroOptical states that it has been informed that Ms. Arbour had social contact with a co-worker or outsider of work on at least one occasion.

5.    MicroOptical denies the allegations contained Paragraph 5 of the Complaint.

6.    MicroOptical denies the allegations contained in Paragraph 6 of the Complaint.

7.    MicroOptical denies the allegations contained in Paragraph 7 of the Complaint.

8.    MicroOptical denies the allegations contained in Paragraph 8 of the Complaint. By way of further answer, MicroOptical states that Ms. Arbour took a leave of absence from MicroOptical from November 7, 2002 through November 15, 2002.

9.    MicroOptical denies the allegations contained in Paragraph 9 of the Complaint. By way of further answer, MicroOptical states that Ms. Arbour took a leave of absence from MicroOptical on or about December 16, 2002 through January 3, 2003.

10.   MicroOptical denies the allegations contained in Paragraph 10 of the Complaint.

11.   MicroOptical denies the allegations contained in Paragraph 11 of the Complaint. By way of further answer, MicroOptical acknowledges that it received a note from Dr. John Rafterty dated March 18, 2003. MicroOptical states that such note speaks for itself. MicroOptical further states that by letter dated April 17, 2003, it granted a request by Ms. Arbour for a leave of absence.

12.     MicroOptical denies the allegations contained in Paragraph 12 of the Complaint. By way of further answer, MicroOptical states that, consistent with MicroOptical's Personal Leave of Absence Policy (the "LOA Policy"), MicroOptical stated to Ms. Arbour in an April 17, 2003 letter that before she returned from her leave of absence, she would be required to "submit a note from [her] physician . . . certifying that [she was] able to return to work and perform [her] job." MicroOptical also stated in that letter that before Ms. Arbour returned to work, Ms. Arbour was to provide "a satisfactory explanation" concerning (1) an unsigned note she eventually admitted having left for a co-worker in December 2002, and (2) her initial statements to MicroOptical's Chief Executive Officer and her supervisor denying that had written the note. MicroOptical states that it did not request any information pertaining to Ms. Arbour's religious beliefs.

13.     MicroOptical denies the allegations contained in Paragraph 13 of the Complaint.

14.     MicroOptical denies the allegations contained in Paragraph 14 of the Complaint.

15.     MicroOptical is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     MicroOptical denies the allegations contained in Paragraph 16 of the Complaint.

17.     MicroOptical denies the allegations contained in Paragraph 17 of the Complaint. MicroOptical further states that disclosing information concerning information provided in any such hearing is prohibited by Mass. Gen. L. ch. 151A § 46(a) and may subject a disclosing party to the sanctions set forth in Mass. Gen. L. ch. 151A, §46(e).

18.     MicroOptical denies the allegations contained in Paragraph 18 of the Complaint.

19.     MicroOptical denies the allegations contained in Paragraph 19 of the Complaint.

LIBB/1378889.2

20. MicroOptical denies the allegations contained in Paragraph 20 of the Complaint. By way of further answer, MicroOptical states that, consistent with the LOA Policy, it notified Ms. Arbour by a letter dated October 23, 2003 that it treated her as having resigned from employment effective on October 23, 2003.

## "COUNT I
## Discrimination Against a Disabled Person"

21. MicroOptical reaffirms and incorporates its responses to Paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. Paragraph 22 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, MicroOptical denies the allegations contained in Paragraph 22.

23. Paragraph 23 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, MicroOptical denies the allegations contained in Paragraph 23.

24. Paragraph 24 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, MicroOptical denies the allegations contained in Paragraph 24.

25. MicroOptical denies the allegations contained in Paragraph 25 of the Complaint.

26. MicroOptical denies the allegations contained in Paragraph 26 of the Complaint.

## "COUNT II
## Intentional Infliction of Emotional Distress"

27. MicroOptical reaffirms and incorporates its responses to Paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. MicroOptical denies the allegations contained in Paragraph 28 of the Complaint.

29. MicroOptical denies the allegations contained in Paragraph 29 of the Complaint.

### "COUNT III
### Negligent Infliction of Emotional Distress"

30. MicroOptical reaffirms and incorporates its responses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. MicroOptical denies the allegations contained in Paragraph 31 of the Complaint.

32. MicroOptical denies the allegations contained in Paragraph 32 of the Complaint.

### "COUNT IV
### Discrimination Based on Religion"

33. MicroOptical reaffirms and incorporates its responses to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. MicroOptical denies the allegations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, MicroOptical denies the allegations contained in Paragraph 35.

### SECOND AFFIRMATIVE DEFENSE

Count II of the Complaint should be dismissed pursuant to the Stipulation of Dismissal filed by Ms. Arbour and MicroOptical on October 5, 2005.

### THIRD AFFIRMATIVE DEFENSE

Count III of the Complaint should be dismissed pursuant to the Stipulation of Dismissal filed by Ms. Arbour and MicroOptical on October 5, 2005.

### FOURTH AFFIRMATIVE DEFENSE

Count IV of the Complaint should be dismissed in part to the extent stated by the Honorable Patti B. Saris at the hearing on MicroOptical's Motion to Dismiss Count IV of Plaintiff's Complaint on October 18, 2005.

## FIFTH AFFIRMATIVE DEFENSE

Count IV of the Complaint should be dismissed due to Ms. Arbour's failure to exhaust administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate her damages, if any.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

## TENTH AFFIRMATIVE DEFENSE

In terminating Ms. Arbour from its employment, MicroOptical was motivated by legitimate, non-discriminatory reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

MicroOptical hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserve the right to amend this answer and assert such defenses.

Respectfully submitted,

**THE MICROOPTICAL CORPORATION**

By its attorneys,

/s/ Erin S. Martino
Robert M. Hale (BBO# 217170)
Erin S. Martino (BBO# 658100)
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Dated: November 1, 2005